UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRUSTED INTEGRATION, INC.,     )
                   )
           Plaintiff,    )
    v.              )
                   )    Civil Action No. 09-898 (ESH)
UNITED STATES OF AMERICA,   )
                   )
          Defendant.   )
_____ )

## STIPULATED PROTECTIVE ORDER

It is stipulated and agreed by and between counsel for Trusted Integration, Inc. and the

United States of America that the terms and conditions of this Protective Order shall govern the

handling of documents, depositions, pleadings, exhibits and all other information exchanged by

the parties in this Action, or provided by or obtained from non-parties in this Action.  The parties

have agreed and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the

Federal Rules of Civil Procedure, and their agreement is evidenced by the signatures of the

attorneys of record.

### SCOPE

1.    This Protective Order shall apply to all originals and copies of documents,

depositions, pleadings, exhibits and all other material or information subject to discovery in this

Action, including responses to requests for production of documents, answers to interrogatories,

responses to requests for admissions, deposition testimony, expert testimony and reports, and all

other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony

adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at

trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2.     As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## DESIGNATION

3.     Any Producing Party may designate all or any part of Discovery Material as "PROPRIETARY INFORMATION" or as "ATTORNEYS EYES ONLY" in accordance with this Protective Order.  "PROPRIETARY INFORMATION" or "ATTORNEYS EYES ONLY" material may be collectively referred to herein as "PROTECTED INFORMATION."  The designation of any Discovery Information as PROPRIETARY INFORMATION or ATTORNEYS EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.     Discovery Material falling into one or more of the following categories may be designated as PROPRIETARY INFORMATION:  (i) proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information; (ii) financial, business or commercial information that is not publicly available and that is not expressly contained in public information; and (iii) information categorized and bearing Government-authorized markings, such as "FOR OFFICIAL USE ONLY (FOUO)," "Limited," "Limited Data Rights," "Restricted Rights," or other previously existing markings with similar import.

5.      Discovery Material falling into one or more of the following categories may be designated as ATTORNEYS EYES ONLY:  (i) proprietary research, development and/or technical information that is not publicly available and that is highly sensitive; (ii) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office; and (iii) highly sensitive financial, business or commercial information that is not publicly available and that is not expressly contained in public information, such as, but not limited to, trade secrets, government cost estimates, audit reports, government analyses of proposals, bids or other financial information, and any information specifically labeled as containing sensitive business or commercial information by a bidder, offeror, or other submitter in accordance with government regulations permitting such labeling.

6.      The Producing Party may designate documents or other Discovery Material as PROPRIETARY INFORMATION by placing a "**proprietary information**" legend or similar legend on the document or thing.  Where documents or other Discovery Material have already been labeled as "FOR OFFICIAL USE ONLY (FOUO)," "Limited," "Limited Data Rights," "Restricted Rights," the Producing Party may rely on such labels for designation of the material as PROPRIETARY INFORMATION.  The Producing Party may designate documents or other Discovery Material as  ATTORNEYS EYES ONLY by placing an "**attorneys eyes only**" legend or similar legend on the document or thing.

7.      In the event that discovery material categorized as PROPRIETARY INFORMATION or ATTORNEYS EYES ONLY is produced in an electronic or other format that cannot be conveniently marked as described above, designation may be accomplished by

placing a "**proprietary information**" or an "**attorneys eyes only**" legend or similar legend on

the container or medium on which the information is stored and informing the receiving party of

the designation in a cover letter.

8.      Any party or non-party may designate discovery requests or responses (and the

information contained therein) as PROPRIETARY INFORMATION or as ATTORNEYS EYES

ONLY by placing either of the following legends or similar legend on the face of any such

document:

> "Contains PROPRIETARY INFORMATION.  Designated parts not to be used,
> copied or disclosed except as authorized by Court Order or the party or parties
> whose PROPRIETARY INFORMATION is included;" or

> "Contains ATTORNEYS EYES ONLY information.  Designated parts not to be
> used, copied or disclosed except as authorized by Court Order or the party or
> parties whose ATTORNEYS EYES ONLY information is included."

In the case of discovery requests or responses, a statement may also be included within the

document specifying the portion(s) thereof designated as PROTECTED INFORMATION.

9.      Any party or non-party may designate depositions and other testimony (including

exhibits) as PROTECTED INFORMATION by so stating on the record at the time the testimony

is given or in writing within 30 days after the transcript of the deposition or other testimony is

prepared and received by the appropriate party.  Such written notification shall identify the

specific pages and lines of the transcript that contain information designated as PROTECTED

INFORMATION.  The following legend or an analogous legend shall be placed on the front of

any deposition transcript (and, if videotaped, any copies of the videotape) containing

PROTECTED INFORMATION:

"Contains PROPRIETARY INFORMATION.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose PROPRIETARY INFORMATION is included;" or

"Contains ATTORNEYS ONLY EYES information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose ATTORNEYS EYES ONLY information is included."

10.     All PROTECTED INFORMATION material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action; (ii) the words "PROPRIETARY INFORMATION – Restricted Access According to Court Order" or "ATTORNEYS EYES ONLY – Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

"This envelope contains confidential information that is subject to the Court's

Protective Order in Trusted Integration, Inc. v. United States of America, Civil

Action No. 09-898 (ESH), and is hereby filed under SEAL.  This envelope shall

not be opened nor the contents thereof to be displayed, revealed, or otherwise

disclosed to any person except as authorized by the Protective Order or by order

of this Court."

The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as PROTECTED INFORMATION and filed in accordance with this Paragraph 10.

**USE**

11.     All Discovery Material designated as PROTECTED INFORMATION shall be

5

used only in preparation for, and in, the trial of this Action or any appeal therefrom, or any related action and cannot be used for any other purpose including, but not limited to, any other unrelated litigation, arbitration or claim.  Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own PROTECTED INFORMATION material.

12.     All material designated PROTECTED INFORMATION shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

13.     Third parties and non-parties who provide information for use in this case may designate their deposition testimony, deposition of their officers or employees, and any documents or other information they produce, whether voluntarily or by subpoena, as PROTECTED INFORMATION to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party.  To the extent permitted by law, such third party or nonparty provider may intervene in this Action for the purpose of enforcing the provisions of this Protective Order as if they were a party.

## DISCLOSURE

14.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as PROPRIETARY INFORMATION may be disclosed by the Receiving Party only to the following persons:

(a) any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings) and attorneys for the Department of Justice;

(b)     no more than two (2) "in-house" attorneys representing a party to this Action, including counsel for any agency (each agency being treated as a separate "party" for purposes of this provision);

(c)  support personnel for attorneys listed in sub-paragraphs (a) and (b) above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by the firm of any attorney identified in sub-paragraphs (a) or (b) and assisting in connection with this Action;

(d)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) or (b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work provided such expert or consultant is not a competitor or potential competitor of the Plaintiff;

(e)     officers, directors, and employees of each Receiving Party, provided that they receive the PROTECTED INFORMATION for the sole and exclusive purpose of use in this Action or any related litigation of a similar subject matter and that the total number of persons in paragraphs (b) and (e) herein does not exceed four (4);

(f)     any interpreter, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony;

(g)     service contractors (such as document copy services and graphic artists);

(h)     any person who authored and/or was an identified original recipient of particular PROPRIETARY INFORMATION material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular PROPRIETARY INFORMATION material sought to be disclosed;

(i)     personnel of the Court and all appropriate courts of appellate

7

jurisdiction; and

(j)      any other person agreed to by the Producing Party in writing.

PROPRIETARY INFORMATION material shall not be disclosed to persons described in

paragraphs 14, (d), (e) or (j) unless and until such person has executed the acknowledgment  in

the form attached as Exhibit A.  PROPRIETARY INFORMATION material shall not be

disclosed to any person unless such person is authorized to receive PROPRIETARY

INFORMATION material pursuant to Paragraphs 14 and 16 of this Protective Order.

15.     Unless otherwise directed by the Court or authorized in writing by the

Producing Party, Discovery Material designated as ATTORNEYS EYES ONLY may be

disclosed by the Receiving Party only to the following persons:

(a)      any "outside" attorney of record in this Action (including attorneys employed

by firms of record but not otherwise identified specifically on pleadings) and attorneys for the

Department of Justice who are actively involved in defending this Action;

(b)      support personnel for attorneys listed in sub-paragraph (a) above, including

law clerks, analysts, paralegals, secretaries, and clerical staff employed by the firm or agency of

any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c)      any outside expert or consultant who is expressly retained or sought to be

retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action

for trial, with disclosure only to the extent necessary to perform such work provided such expert

or consultant is not a competitor or potential competitor of the Plaintiff;

(d)      any interpreter, or court or other shorthand reporter, videographer or typist

translating, recording or transcribing testimony;

(e)  service contractors (such as document copy services), jury consultants and graphic artists;

(f)  any person who authored and/or was an identified original recipient of the particular ATTORNEYS EYES ONLY material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS EYES ONLY material sought to be disclosed;

(g)  personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h)  any other person agreed to by the Producing Party in writing.

ATTORNEYS EYES ONLY material shall not be disclosed to persons described in paragraphs 15(c), or (h) unless and until such person has executed the acknowledgment in the form attached as Exhibit A.  ATTORNEYS EYES ONLY material shall not be disclosed to any person unless such person is authorized to receive ATTORNEYS EYES ONLY material pursuant to Paragraphs 15 and 16 of this Protective Order.

16.  At least ten (10) days before the disclosure of any PROTECTED INFORMATION of the Producing Party is made to an individual described above in Paragraph 14, sub-paragraphs (d) or (j) or Paragraph 15, sub-paragraphs (c) or (h), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5)

years; past and present business relationships with any party to this action and any third party relating to the subject matter of the Action. The lists should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party or consultant, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party or consultant, and any such information that is not deemed proprietary shall be disclosed. Such notice shall be accompanied by an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. In the event that said individual enters into any subsequent consulting agreements or arrangements, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements. The Producing Party shall state any objections to the proposed disclosure of PROTECTED INFORMATION to any individual described in Paragraph 14, sub-paragraphs (d) or (j) or Paragraph 15, subparagraphs (c) or (h), and state the reasons therefore in writing to the Receiving Party within ten (10) days of receipt of the Notice. The parties shall in good faith attempt to resolve such objections. Upon the making of any such objection(s), the Producing Party shall have ten (10) business days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion or any other means acceptable to the Court, the disclosure of PROTECTED INFORMATION. Unless the Producing Party objects to the disclosure and files a motion in accordance with the Notice and timing provisions of this Paragraph 16 and Paragraph 30, the Producing Party waives its right to challenge the

disclosure of PROTECTED INFORMATION to the identified individual(s), and the individual

identified in the Notice shall be considered a qualified recipient of PROTECTED

INFORMATION under the terms of this Protective Order.  Should the Producing Party properly

object and file its objections with the Court, PROTECTED INFORMATION will not be

disclosed pending resolution of the expedited motion.  Before the disclosure of any

PROTECTED INFORMATION of the Producing Party is made to an individual described above

in Paragraph 14, sub-paragraphs (d) or (j) or Paragraph 15, subparagraphs (c) or (i), an attorney

for the Receiving Party shall obtain from each such person an executed copy of the

acknowledgment attached as Exhibit A and shall thereafter retain such executed

acknowledgments at least until the Termination of this Action (defined below).

17.     The recipient of any PROTECTED INFORMATION that is provided under this

Protective Order shall maintain such information in a secure and safe area and shall exercise the

same standard of due and proper care with respect to the storage, custody, use and/or

dissemination of such information as is exercised by the recipient with respect to its own

proprietary information.

## EXEMPTED MATERIALS

18.     Pursuant to procedure set forth in Paragraph 26, any party may seek to remove the

restrictions set forth herein on the ground that information designated as PROTECTED

INFORMATION has/had been:

(a)  available to the public at the time of its production hereunder;

(b)     available to the public after the time of its production through no act, or

failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

11

(c)  known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d)  obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as PROTECTED INFORMATION; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)  obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f)  previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)-(f).

19.     Pursuant to the procedure set forth in Paragraph 26, any party also may seek to remove the restrictions set forth herein on the ground that the information designated PROTECTED INFORMATION does not fall within the definitions of "PROPRIETARY INFORMATION" or "ATTORNEYS EYES ONLY" set forth in paragraphs 4 and 5 above.

## INADVERTENT PRODUCTION/DESIGNATION

20.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in

support of any such alleged waiver.  Upon a written request from a party that has inadvertently produced any document which it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall return it and all copies as soon as practicable, but not later than ten (10) business days, to the Producing Party.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document or related documents.  Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

21.    The inadvertent failure by a party to designate Discovery Material as PROTECTED INFORMATION shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is PROTECTED INFORMATION within ten (10) days from when the failure to designate first became known to the Producing Party.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as PROTECTED INFORMATION shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.  Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 22, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any

such Discovery Materials are marked with the proper designation and distributed only as

permitted under Paragraphs 14 through 18 of this Protective Order.  If data or information has

been extracted from any Discovery Materials that are subsequently re-designated pursuant to this

Paragraph 21, to the extent possible, the information and/or data will be protected in accordance

with the re-designation.

## INADVERTENT DISCLOSURE

22.     In the event that anyone shall inadvertently disclose PROTECTED

INFORMATION, the party or person making the inadvertent disclosure shall, upon learning of

the disclosure:

(a) Promptly notify the person to whom the disclosure was made that the

disclosure contains PROTECTED INFORMATION;

(b)     Promptly make all reasonable and necessary efforts to obtain the return of

and preclude dissemination or use of the PROTECTED INFORMATION by the person to whom

the disclosure was inadvertently made; and

(c) Promptly notify the producing party of the identity of the person to whom

the disclosure was made, the circumstances surrounding the disclosure, and the steps that have

been taken and will be taken to ensure against further dissemination or use of the PROTECTED

INFORMATION.

## VIOLATION OF ORDER

23.     In the event that anyone shall violate, or threaten to violate, any terms of this

Order, the parties hereto agree that the aggrieved party may seek appropriate relief against such

person.

14

## USE IN COURTROOM PROCEEDINGS

24.     In the event that any PROTECTED INFORMATION is to be used in any court proceeding, mediation session or alternative dispute resolution proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, the PROTECTED INFORMATION shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect confidentiality during such use, unless the Court orders otherwise.

## THIRD PARTY REQUESTS

25.     If PROTECTED INFORMATION in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall (i) give written notice as soon as is practicable by hand, e-mail or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash or otherwise challenge such process or discovery request; and (iii) not make production or disclosure of such PROTECTED INFORMATION until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction, explicitly or by operation of law, to produce or disclose such PROTECTED INFORMATION, so long as the order is not stayed prior to the date set for production or disclosure.

15

## OBJECTION TO DESIGNATIONS

26.     Any party may object to the designation by the Producing Party of any material as PROPRIETARY INFORMATION or ATTORNEYS EYES ONLY.  The process for making such an objection and for resolving the dispute shall be as follows:

(a)     The objecting party shall notify the Producing Party in writing as to its objections (s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b)     The objecting party shall thereafter have the burden of conferring either in person or by telephone with the party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c)     Failing agreement, the objecting party may bring a noticed motion to the Court or by any other means acceptable to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Producing Party bears the burden to establish that the Discovery Material contains PROTECTED INFORMATION and entitled to such protection under this Protective Order.  Notwithstanding any such challenge to the designation of material as PROPRIETARY INFORMATION or ATTORNEYS EYES ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as PROPRIETARY INFORMATION or  ATTORNEYS EYES ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

### RETURN/DESTRUCTION OF MATERIALS

27.     Not later than thirty (30) days after the Termination of this Action (defined below), all PROTECTED INFORMATION, including all copies and derivative works thereof, shall be returned to the Producing Party, deleted, or destroyed except that each parties' outside counsel may maintain one copy for archival purposes and will have no obligation to return, destroy, or delete PROTECTED INFORMATION located on computer back-up systems.  The Receiving Party with respect to any PROTECTED INFORMATION material shall certify in writing that all such material, including PROTECTED INFORMATION material disclosed hereunder, has been returned, destroyed, or deleted.

### MISCELLANEOUS PROVISIONS

28.     This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this Protective Order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

29.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

30.     All notices required by any paragraphs of this Protective Order are to be made by facsimile or e-mail with a confirmation copy by First Class Mail to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action

shall be computed from the date of receipt of the notice if received at or prior to 5:00 pm EST. Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party.  All specified time periods are in business days.

31.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of PROTECTED INFORMATION produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of PROTECTED INFORMATION produced by any other party or non-party.

32.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

33.     All persons receiving PROTECTED INFORMATION are prohibited from producing them to any other persons, except in conformance with this Protective Order.  Each individual who receives PROTECTED INFORMATION agrees to subject himself/herself to the jurisdiction of this Court, or any other Court of competent jurisdiction, for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

34.     For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this action by the parties.

35.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action.

36.     Any party may move at any time to modify the terms of this Protective Order. A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

37.     This Order may only be modified in writing, after agreement by all parties hereto, and by Order of the Court.

38.     Any headings used in this Protective Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

The foregoing Stipulated Protective Order is agreed to and accepted as to both form and substance.

Dated: September 13, 2010.

Respectfully submitted,

By: /s/ John A. Bonello
JOHN A. BONELLO, D.C. Bar # 434817
David, Brody & Dondershine, LLP
12355 Sunrise Valley Drive
Suite 650
Reston, VA 20191
Tel.  703-264-2220
Fax  703-264-2226
Attorney for Plaintiff

RONALD C. MACHEN Jr.
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Chief, Civil Division

JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 Fourth Street, N.W. - Room E4104
Washington, D.C. 20530
Tel.  202-514-7161
Fax  202-514-8780
Jane.Lyons@usdoj.gov

By: /s/ Joshua B. Brady
JOSHUA B. BRADY, Trial Attorney
Civil Division

19

United States Department of Justice
Washington, D.C.  20530
Telephone:  (202) 307-0285
Facsimile:   (202) 307-0345
Joshua.Brady@usdoj.gov

Of Counsel:
JOHN FARGO, Director

Attorneys for Defendant

**SO ORDERED.**

_____
**ELLEN SEGAL HUVELLE**
**United States District Judge**

**Dated:** _____

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRUSTED INTEGRATION, INC.,                    )
                                              )
                         Plaintiff,           )
           v.                                 )
                                              )        Civil Action No. 09-898 (ESH)
UNITED STATES OF AMERICA,                     )
                                              )
                         Defendant.           )
_____ )

## <u>DECLARATION OF:</u>_____

I, _____, declare and state under penalty of perjury that:

1.      My address is _____.

2.      My present employer is _____ and the

address of my present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order in this action, which

order was entered on _____.

5.      I have read and understood all of the provisions of the Stipulated Protective

Order.

6.      I will comply with all of the provisions of the Stipulated Protective Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the

Stipulated Protective Order, and will use only for purposes of this action or any related action,

any PROTECTED INFORMATION that is supplied to me.

8.      I will return each document and each other tangible thing that discloses or reveals

any PROTECTED INFORMATION to the attorney who provided such document or other

tangible thing to me.  Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any PROTECTED INFORMATION to the attorney who provided such Proprietary Information to me.

9.    I hereby submit to the jurisdiction of the United States district Court for the District of Columbia for the purpose of enforcement of the Stipulated Protective Order.

Executed on: _____    _____
                                                                              Signature